IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| FREDERICK LAMONT MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01162-JDB-egb |
| ) | |
| MIKE PARRIS, ) | |
| ) | |
| Respondent. ) | |

ORDER ADDRESSING PENDING MOTIONS
(ECF Nos. 13, 16, 17 & 19)
AND
ADMINISTRATIVELY CLOSING CASE

Before the Court are the following petitions and motions filed by Petitioner, Frederick Lamont Moore, Tennessee Department of Correction prisoner number 216108, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee: (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), § 2254 Pet., *Moore v. Parris*, No. 1:14-cv-01162-JDB-egb (W.D. Tenn. July 15, 2014) (D.E. 1); (2) Motion to Dismiss by Respondent, Mike Parris, Warden of NWCX, *Id.* (Feb. 19, 2015) (D.E. 13); and (3) the following three motions filed by Moore: (i) Motion to Place Cause in Abeyance to [E]xhaust Pending [I]ssue of [D]enial of Expert, *id.* (Apr. 13, 2015) (D.E. 16); (ii) Motion for Amendment of Writ of [H]abeas [C]orpus via Leave of Court *id.* (Apr. 13, 2015) (D.E. 17); and (iii) a fourth motion for stay and abeyance, mislabeled "Petitioner's Third Motion for Stay and Abeyance," *id.* (Apr. 30, 2015) (D.E. 19). For the reasons stated below, the Court DENIES the

Motion to Dismiss without prejudice, DENIES leave to amend without prejudice, GRANTS the motions to stay and administratively closes the case.

**I.       BACKGROUND**

On July 15, 2014, Moore filed his *pro se* § 2254 Petititon, *id.* (July 15, 2014) (D.E. 1), which presents the following issues:

1. "WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTION" *Id.* at 6; *see also id.* at 17-20.

2. "WHETHER THE COUNSEL WAS INIEFFECTIVE [sic] IN CHALLENGING ACTUAL INNOCENCE MATTER, BILL OF PARTICULARS MATTER, INVESTIGATING MATTER, AND ALIBI DEFENSE MATTER" *Id.* at 7; *see also id.* at 6-7, 21;

3. "WHETHER THE PETITIONER IS ENTITLED [TO] A NEW TRIAL BASED ON THE NEWLY DISCOVERED EVIDENCE, WHICH CAN RESULT [IN] THE DIFFERENT COURT OUT-COME IF INTRODUCED AT TRIAL" *Id.* at 9; *see also id.* at 22.

He paid the habeas filing fee on July 18, 2014.   (D.E. 2.)

On September 8, 2014, Petitioner filed a Motion for Stay and Abeyance, which sought to stay this action pending the completion of his efforts to exhaust his claims in state court.   (D.E. 4.) Respondent did not respond to the Motion.   In an order issued on October 7, 2014, the Court denied the Motion for Stay and Abeyance without prejudice because Moore failed to identify any pending state-court proceeding and directed Warden Parris to file the state-court record and a response to the § 2254 Petition.   (D.E. 5.)

On December 24, 2014, the inmate filed his Second Motion for Stay and Abeyance, which asked that this matter be stayed until the completion of proceedings in state court pertaining to a petition for a writ of habeas corpus and a petition for writ of error *coram nobis*. (D.E. 9.) Respondent also did not respond to this motion. In an order issued on April 22, 2015, the Court denied the motion because the Tennessee Court of Criminal Appeals ("TCCA") had ruled in both pending cases. (D.E. 18.)

On February 19, 2015, Warden Parris filed a Motion to Dismiss on the ground that Moore had failed to show that he was entitled to relief under 28 U.S.C. §§ 2254(d)(1)-(2). (D.E. 13.) Respondent filed most of the state-court record on February 23, 2015. (D.E. 14.)[1] Petitioner has not responded to the motion.

On April 13, 2015, Moore filed another Motion to Place [C]ause in Abeyance, his third such filing. (D.E. 16.) Respondent did not respond.

Also on April 13, 2015, Moore filed a motion seeking leave to amend, accompanied by a proposed amendment. (D.E. 17.) Again, respondent did not respond.

On April 30, 2015, Moore filed a fourth Motion for Stay and Abeyance, which was mislabeled "Petitioner's Third Motion for Stay and Abeyance." (D.E. 19.) Respondent did not respond to this motion either.

---

[1] The state-court record was submitted four days past the deadline of February 19, 2015. (*See* Order Granting Motion for Extension of Time to File Response/Reply, *id.* (Feb. 19, 2015) (D.E. 11). Respondent did not provide an explanation for his late filing and did not seek a further extension of time to file the state-court record. The Court will, **in this instance only**, excuse the late filing of the record.

3

## II.     THE PENDING MOTIONS

### A.     Respondent's Motion to Dismiss (D.E. 13)

In his motion to dismiss, Warden Parris argues that Moore had failed to show that he was entitled to relief under 28 U.S.C. §§ 2254(d)(1)-(2). (D.E. 13.) Respondent's Motion to Dismiss is premature because Petitioner apparently has not completed his efforts to exhaust his claims in state court and he has a pending motion seeking leave to amend. Therefore, the Court DENIES the Motion to Dismiss without prejudice to Respondent's right to include the same arguments in an answer.[2]

### B.     The Motion for Amendment (D.E. 17)

In his Motion for Amendment, Moore seeks leave to amend his § 2254 Petition to add the following additional issues:

4.  "Post Conviction counsel was ineffective for failing to raise the issues of the (1) ineffective assistance of trial counsel for the failure to file a motion to dismiss indictment #09-77, on the grounds that Petitioner was denied the due process of law when he was denied a second preliminary hearing, even though he was initially arrested prior to the original indictment #08-379. [The fact that] indictment #08-379 was 'superceded' by indictment #09-77, does not negate the Petitioner's state[-]created statutory right to a second preliminary hearing, and the Prosecutor was vindictive to ignore the

---

[2] Respondent has not explained why he filed a motion to dismiss rather than an answer, as specified in Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"). Although there is no conceptual reason why Respondent's response cannot take the form of a motion rather than an answer, there are practical reasons why an answer is preferable. The Court must decide pending motions within a relatively short time period, which means that if the case is not ripe for decision, a motion to dismiss will be denied.

> Petitioner's procedural rights. (2) Post Conviction counsel was further ineffective for failing to raise the issue of trial counsel being ineffective for failing to hire an expert in order to subject the Prosecution[']s case to meaningful adversarial testing relative to the (6th) Sixth Amendment's right to fair trial, and the (14th) Fourteenth's Amendment's right to the due process of law.

Am. § 2254 Pet. at 1-2, *id.* (Apr. 13, 2015) (D.E. 17-1).

Pursuant to Rule 2(d) of the § 2254 Rules, a petition pursuant to 28 U.S.C. § 2254 "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This district uses the form published by the Administrative Office of the United States Courts. The proposed amendment submitted by Moore is not on the official form and does not contain all the information required by that form, including the steps taken to exhaust the new issue in state court.[3] Therefore, leave to amend is DENIED without prejudice to Petitioner's right to file an amended petition on the official form that includes the proposed new claim.[4]

### C. The Motions for Stay and Abeyance (ECF Nos. 16 & 19)

In his Motion to Place Cause in Abeyance to [E]xhaust Pending [I]ssue of [D]enial of Expert, Moore asserts that he is presently exhausting his state remedies on a claim that his attorney

---

[3] In addition, ineffective assistance of post-conviction counsel is not a substantive claim for relief but is, rather, a means of overcoming a procedural default of a claim of ineffective assistance of trial counsel. Petitioner's amendment appears to be intended to raise two additional grounds in support of Claim 2.

[4] Because the matter will be administratively closed to permit Petitioner to exhaust all his claims in state court, his obligation to file his amended petition on the official form will be stayed. When the case is reopened, Petitioner should file *one* amendment that includes every new claim he seeks to raise.

rendered ineffective assistance in failing to hire an expert. Pet'r's 3d Mot. to Place Cause in Abeyance Pending Issue of Denial of Expert by Frederick Lamont Moore, *id.* (Apr. 13, 2015) (D.E. 16). In his fourth motion for stay and abeyance, Moore has represented that he has two cases presently pending in the TCCA. Pet'r's 4th Mot. for Stay and Abeyance by Frederick Lamont Moore, *id.* (Apr. 30, 2015) (D.E. 19). In light of Petitioner's representation, the motions for stay and abeyance are GRANTED.

A federal court cannot decide a § 2254 petition until all claims have been exhausted. In *Rose v. Lundy*, 455 U.S. 509, 510 (1982), the United States Supreme Court held that a district court must dismiss a "mixed" § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Subsequently, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims.

It is essential that all state-court proceedings on these convictions conclude before this Court issues a decision in this matter because Moore is entitled to only one § 2254 petition challenging the convictions at issue. Since there is ongoing state-court litigation pertaining to the subject convictions, Moore is unable to pursue the instant action at this time. The Court will, therefore, administratively close the above-captioned case pursuant to its inherent powers, as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the Court and in no way affects the substantive or

procedural rights of the parties in interest to proceed before this Court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the Court without the necessity of a reopening filing fee should the case require further administration. Upon its reopening, the case then becomes, *ipso facto*, a statistically active case and resumes the same status it had before the administrative closure without prejudice to the rights of any party in interest. Accordingly,

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. Petitioner shall notify the Court, within thirty days of the date of entry of this order, of the status of his appeals to the TCCA. At that time, Petitioner shall also disclose the existence of any other collateral challenge to the instant convictions that he has filed or intends to file. Petitioner must notify the Court within thirty days of the date on which all state-court collateral proceedings have concluded and to file an amended petition on the official form that includes all the new issues that Petitioner seeks to raise. At that time, the case will be reopened, Respondent will be directed to respond and file the remainder of the state-court record, Petitioner will be given

the opportunity to reply, and the Court will issue a final decision in this matter.

IT IS SO ORDERED this 21st day of September, 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE